### ROBERT MOORE, Respondent, v, JOHN STEMMONS et al., Appellants.

#### Kansas City Court of Appeals, June 18, 1906.

RELIGIOUS SOCIETIES: Property Rights: Trustees: Judgment: Execution Law and Equity Parties. While in equity where the beneficiaries are numerous one or more may be sued as representing the aggregate body, yet such practice in the absence of a statute is wholly unauthorized at law; and so a judgment against the trustees of a religious society is a nullity and besides an execution against a trustee cannot be run against the trust property which can only be reached by a proceeding in chancery to which the *cestuis que trustent* are made parties.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*Shannon & Shannon* for appellants.

(1) When an execution is levied on property not subject to execution, the levy will be quashed. Ryan v. Bradbury, 89 Mo. App. 665; Catron v. Lafayette County, 125 Mo. 67. (2) In an action at law to reach the trust estate the *cestuis que trustent* are necessary parties. Miller Lumber Co. v. Oliver, 65 Mo. App. 435; 18 Enc. Pleading and Practice, 106 and notes; Mallory v. Clark, 20 How. Pr. (N. Y.) 418; Prewett v. Land, 36 Miss. 495; 22 Enc. Pleading and Practice, 175; Hauser v. Hoffman, 32 Mo. 340; Rogers v. Rogers, 3 Paige (N. Y.) 379; Wakeman v. Groves, 4 Paige (N. Y.) 23; Keller v. Bennett, 11 Iowa 530. (3) The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of the suit should be made parties, and in cases of trust the general rule is that the beneficiaries in the trust are necessary parties. Williams v. Bankhead, 19 Wall. (U. S.) 563; 22 Enc. Pleading and Practice, 175; Prewitt v. Land, 36 Miss. 495; Vorhis v. Gamble, 6 Mo. App. 33; White v. Watkins, 23 Mo. 429; Dillon's Admr. v. Bates, 39 Mo. 298; Sampson v. Mitchell, 125 Mo. 222. (4) There was no jurisdiction of the *res* — the property owned by the church association and levied upon as shown by the sheriff's return. Lumber Co. v Oliver, 65 Mo. App. 435; 17 American and English Enc. Law (2 Ed.), 1065; Carr v. Coal Co., 96 Mo. 155. (5) "An execution upon a judgment or decree against trustees cannot be made to run against trust property. That can only be reached in absence of statute by a proceeding in chancery to which the *cestuis que trustent* are parties."

22 Enc. Pleading and Practice, 197. (6) Judgments and decrees in equity without jurisdiction are void and may be attacked collaterally. 17 Am. and Eng. Enc. Law (2 Ed.), 1046. (7) An execution issued on a void judgment will be quashed. James & Ray, ex parte, 59 Mo. 280; Holzhour v. Meer, 59 Mo. 434; Ewing v. Donnelly, 20 Mo. App. 6.

*C. W. Bigger* for respondent.

(1) An agent is one who undertakes to transact some business or to manage some affair for another by the authority and on account of the latter and to render an account for it. 1 Bouvier's Law Dictionary. (2) In this action the trustees of the Methodist Episcopal Church are the agents of all the members and as such are the only necessary parties defendent. Bushong v. Taylor, 82 Mo. 660 and cases cited by the court and in brief. (3) An action against church trustees makes all parties interested adverse to plaintiff; parties defendant as the trustees are the agents of all the members. Bushong v. Taylor, 82 Mo. 660 and cases cited. (4) By the law of agency, the principal cannot accept the benefits or appropriate the property obtained by the agent without becoming bound thereby. Holt v. Baldwin, 46 Mo. 265, and cases cited. (5) It has been the uniform course of the Supreme Court to defer to the trial court unless it readily appeared that such conclusions were incorrect. Talliaferro v. Evans, 160 Mo. 390; Robertson v. Shepherd, 165 Mo. 375; Bushong v. Taylor, 82 Mo. 660.

BROADDUS, P. J.—This is an appeal from the action of the court in overruling a motion to quash an execution.

Appellants are trustees of the Methodist Episcopal Church (colored) of Carthage, Missouri. Respondent in an action at law recovered judgment against the appellants on a promissory note executed by their prede-

cessors in office. It is alleged in the petition that the said church was an association for religious purposes and that the property of the association was vested in, held and controlled by a board of trustees, and that its business and financial affairs were transacted by said board of trustees, and the promissory note in suit was executed by the members of the board of trustees on behalf of the church in consideration of a debt due by the association to the respondent, and by virtue of their authority as such trustees, and that appellants herein were the successors of the trustees who executed the note.

Judgment was rendered against the appellants in their representative capacity as such trustees, and it contained a direction for satisfaction out of the property of the association. Upon this judgment respondent caused an execution to be issued against appellants, in their representative capacity as trustees of the church only, to be satisfied out of the property of the Methodist Episcopal Church (colored) of Carthage, Missouri. The return of the officer upon the execution shows that it was levied upon all the right, title, interest and claim of title of John Stemmons, Geo. Patterson, and Henry Tidwell, trustees of said church in Carthage, Missouri, in their representative capacity as trustees of said church only, of, in and to certain described real estate (describing it).

The title of a part of the property seized was conveyed to the predecessors of appellants, "as Trustees of the Wesley Chapel, M. E. Church of Carthage, Missouri," as follows:. "In trust that said premises shall be used, kept and maintained and disposed of as a place of divine worship for the use of the ministry and membership of the Methodist Episcopal Church in the United States of America." The title to the remainder was conveyed to the trustees of the "Methodist Episcopal Church," Carthage, Jasper county, Missouri, in trust for the same purpose as that of the other part described.

The motion to quash the execution was based upon the following grounds:

1st. Because the judgment upon which the same was issued is void.

2d. Because the interest of the defendants in the property described is not subject to levy and sale under execution issued against the trustees in their representative capacity.

3rd. Because the title to the property is held by the trustees for the use and benefit of the Methodist Episcopal Church of the United States of America, and not for the use and benefit of the Methodist Episcopal Church (colored) of Carthage, Missouri.

The appellants contend, and justly, that the motion should have been sustained. It seems from the statement of counsel for respondent that the court relied for its action in overruling the motion on the law as decided in Bushong v. Taylor, 82 Mo. 660, and cases there cited. And respondent's counsel depends solely upon said decision for an affirmance of the judgment.

That was a case, however, in equity and no one disputes but what the decision is supported by the authorities. The proceeding was *in rem* to subject the *res* to the payment of a debt contracted for the use and benefit of the Methodist Episcopal Church. The local church in that case, as in this, was unincorporated. It was held that, it being a voluntary association, "the trustees, from the nature of the government of the Methodist Episcopal Church were the agents of the aggregate body of the members, and of each member to the extent of his beneficial interest in the church property, in respect to the debts contracted by the trustees for the benefit of the church premises." And the court said further that, "The trustees are the only necessary parties defendant in a suit in equity, to enforce the debt against the church property."

Judge BIGGS of the St. Louis Court of Appeals in Lumber Co. v. Oliver, 65 Mo. App. 435, held, "that when property belongs to an unincorporated association, the title of such association or its members in the aggregate will not be bound by making the trustees of the association parties defendant to a proceeding for the enforcement of a mechanic's lien." After stating the rule in equity adopted in Bushong v. Taylor, supra, that, "when the *cestuis que trustent* are numerous and it would be oppresive or inconvenient to compel the plaintiff to make them all parties, one or more may be sued as representing the aggregate body," added, "But it is believed that no case can be found which authorizes this practice in actions at law, except where there is a statute authorizing it to be done." We concur fully in what the learned judge said. "An execution upon a judgment or decree against a trustee cannot be made to run against trust property. That can only be reached, in the absence of statute, by a proceding in chancery to which the *cestuis que trustent* are made parties. [22 Ency. of Pleading and Practice, p. 197.]

We agree with appellants that the judgment itself is a nullity for want of jurisdiction. What has been said dispenses with the necessity of passing upon appellants' third contention. The cause is reversed with directions to set aside the judgment overruling the motion to quash the execution and to enter a judgment sustaining the same. All concur.