ROBERT MOORE, Appellant, v. ALBERT GIBSON et al., Trustees, Etc., Respondents.

**Kansas City Court of Appeals, April 6, 1908.**

LIMITATIONS: Bills and Notes: Statute: Appeal. In a bill in equity to subject specific property to the payment of a note the plea of the ten-year Statute of Limitations is not defeated by the fact that the note had been reduced to a judgment and an execution had been sued out on the judgment and three several appeals taken from judgments sustaining motions to quash the execution, the last of which was within one year of the filing of the bill, said statute having reference only to judgments rendered on the note itself.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*C. W. Bigger* for appellant.

(1) A bill in equity seeking to subject specific property of the church association to the payment of appellant's debt is the proper remedy, and the trustees are the only necessary parties defendant. Bushong v. Taylor, 82 Mo. 660. (2) The appellant's present action is not barred by the Statute of Limitations because this action was brought within one year after the termination of the first suit. R. S. 1899, sec. 4285; Briant v. Fudge, 63 Mo. 489; Chouteau v. Rowse, 90 Mo. 191; Wetmore v. Crouch, 188 Mo. 647.

*H. L. Shannon* for respondents.

(1) Plaintiff's action is barred by the Statute of Limitations. It is only by the happening of one of the following contingencies that the pendency of a former suit tolls the Statute of Limitations, viz: First: Where the plaintiff suffers a nonsuit; Second: Where after verdict the judgment is arrested; Third: Where after judgment for plaintiff the same is reversed on appeal. R. S. 1899, sec. 4285. (2) The plaintiff has been guilty of negligence and laches in failing to prosecute his suit with due diligence to a decision, and in failing, after recovering his alleged judgment in his alleged prior suit, to exercise diligence in suing out an execution and having a levy made. Therefore plaintiff cannot avail himself of his alleged prior suit for the purpose of tolling the Statute of Limitations. Bonnie v. Stoughton (Ill.), 13 N. E. 833; Cockrill v. Hutchinson, 135 Mo. 67. (3) Plaintiff had a plain, adequate and complete remedy at law, and having failed to avail himself of it he has forfeited his right to equitable relief by his laches. R. S. 1899, sec. 4203 et seq.; 24 Am. & Eng. Enc. of Law (2 Ed.), p. 346; Bonnie v. Stoughton, 13 N. E. 833.

ELLISON, J.—The defendants are trustees of Methodist Episcopal Church (colored) of Carthage. The trustees of the church executed a note to plaintiff for $107.43, dated February 1, 1889, and due the first of February, 1890. In December, 1893, plaintiff brought suit on the note, and judgment thereon was rendered in his favor in September, 1894. An execution was issued on the judgment and upon being levied on property of defendants, it was, on defendants' motion, quashed by the circuit court. Plaintiff appealed from this action and the judgment was reversed and the cause remanded by us in May, 1902 (see 94 Mo. App. 475). Another execution was then issued and defendants again moved to

quash it, but the court refused to do so and overruled the motion. Thereupon defendants, in turn, appealed to this court, where the judgment was again reversed on June 18, 1906 (see 119 Mo. App. 162). On October 20, 1906, the present action was begun by filing bill in equity to subject specified property to payment of the note.

As already stated the note matured in February, 1890, and consequently would ordinarily be barred on the expiration of ten years, to-wit: in February, 1900, which was more than six years prior to bringing this suit. But plaintiff claims that the action is not barred under the terms of section 4285, Revised Statutes 1899, which provides that if an action is commenced within proper time and he suffer a nonsuit or his judgment be arrested, or be reversed, on appeal or error, he may begin a new action within one year thereafter, even though the original period of limitation had run.

Though the present action was brought within one year of the last reversal we do not see how the statute can apply to the facts disclosed. Suit was brought on the note in December, 1893, and judgment rendered in September, 1894. That judgment has never been arrested, nor has it ever been reversed. No appeal was ever taken from that judgment; nor was there ever a writ of error prosecuted. Two appeals were taken, but, as above shown, each was taken from the action of the court on motions to quash executions which were issued on the judgment. The judgment has never been set aside. It is true that this court directed the last execution issued to be quashed on the ground that the judgment was a nullity, but the judgment itself was not reversed. The statute, in providing a year's additional time when the judgment shall be reversed on appeal or error, means an appeal or writ of error prosecuted in the usual manner from the judgment. An abuse of the statute can easily be seen if we should allow plaintiff's con-

struction to prevail. One might institute his action on a note on the last day of the ten-year limitation period, and obtain a judgment which would run another ten years period, or by being revived from time to time, run indefinitely. Finally he could issue execution on the judgment and on that being quashed on appeal on the ground of defect in the judgment he could, within one year, again bring the action though the ordinary limitation period may have run many times.

We think the judgment should be affirmed. All concur.