## LOUIS MARKEL, Appellant, v. STEPHEN PECK et al., Respondents.

**St. Louis Court of Appeals, December 3, 1912.**

1. **TRUSTS: Action for Breach of Contract: Liability of Trust Estate: Forum: Court of Law or Equity.** Trust property cannot be reached in an action at law to recover damages for the breach of an executory contract, but can be reached only in equity.

2. ————: **Personal Liability of Trustee: Contract made by Co-trustee.** A minority trustee is not personally liable on a contract which he did not personally make, authorize or adopt, merely because a majority of the trustees authorized it.

3. ————: ————: ————: **Effect of Power Given Majority to Govern.** A provision in a will creating a trust and giving the trustees power to sell or lease the trust estate, that a majority of the trustees shall govern, concerns only the matter of binding the estate and does not render the minority personally liable on contracts made or authorized only by the majority.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED AND REMANDED.

*Taylor R. Young* and *Frank H. Haskins* for appellant.

*S. T. G. Smith* and *Thomas S. Meng* for respondent.

For synopsis of briefs, see same case, 144 Mo. App. 702.

STATEMENT.—The appeal in this case was prosecuted to the Supreme Court, by which it was transferred to this court. Thereafter it was transferred by this court to the Springfield Court of Appeals, where an opinion was rendered therein. [See Markel v. Peck et al., 144 Mo. App. 701, 129 S. W. 243.] Subsequently the Supreme Court declared the legislative act, which purported to authorize the transfer of cases from this court to the Springfield Court, to be unconstitutional, and the cause was transferred back to this court on the theory that the jurisdiction of the appeal continued to reside here and the proceedings in the Springfield Court were *coram non judice*.

The case has been argued and submitted here, and, upon due consideration, we prefer to dispose of it upon the same theory as did the trial court, the parties by their counsel, in the argument before us, seeming to concede that our decision should depend upon the correctness or incorrectness of that theory.

This is an action at law against certain persons as trustees under the last will of Charles H. Peck, deceased, wherein the plaintiff seeks to recover damages for breach of an executory contract for future leases of real property forming part of the trust estate. Under the will, the trustees are given "full power subject to the exceptions and limitations hereinafter named, to manage, rent, lease, sell and dispose of" the property belonging to the trust estate. The exceptions and limitations named do not pertain to the renting or leasing of property. The will provides that "in all cases where said trustees are by this will empowered or required to do anything, the majority of them, except where otherwise specified, shall govern, and the act of such majority shall be valid," etc. The trust is limited to continue until the expiration of fifteen years next after the death of the last surviving one of the testator's descendants living at the time of his death, at which time the *corpus* is to be divided

equally, *per capita*, between the testator's descendants then living. In the meantime, the trustees are to pay the income in divers parts and proportions to some twenty-two or more persons, including the defendants and their descendants.

The contract in suit was made and entered into under the date of March 6, 1903. It was not signed by the defendants, but by ''Stephen Peck & Bro., Agents.'' By its terms said Stephen Peck & Bro., purporting to act ''as agents of the estate of Chas. H. Peck, deceased,'' agreed to deliver to plaintiff two leases, one for a term to begin April 1, 1903, and the other for a term to begin September 1, 1907. The petition alleges that defendants entered into said agreement ''through their lawfully authorized agents, Stephen Peck & Brother.'' The defendants denied the execution of the contract by answer, verified by affidavit. It is conceded that Stephen Peck, who is one of the trustees and a member of the firm of Stephen Peck & Bro., signed the contract in the name of said firm, and there was evidence *pro* and *con* as to whether the other three trustees authorized him or his said firm to do so.

An instruction given at the instance of plaintiff permitted a verdict for the plaintiff if the defendants, or ''a majority of them,'' authorized the firm of Stephen Peck & Bro. to execute the contract. The verdict was in favor of the plaintiff and against all of the defendants. The trial court sustained defendants' motion for a new trial on the ground that the giving of said instruction was error. The plaintiff has appealed, assigning as error the action of the court in granting a new trial.

CAULFIELD, J. (after stating the facts).—At the time of sustaining the motion for a new trial, the learned trial judge, in a memorandum filed, stated the legal theory influencing his action, as follows:

"This is an action at law against certain persons as trustees under the last will of Charles H. Peck, deceased. Though the case was tried on the theory that a judgment was sought against the trustees as such, yet neither the petition nor the judgment so limits the case. In both the petition and the judgment the word trustees, when used as descriptive of the parties, is properly to be taken as merely *designatio personae*. That no recovery could be had in this action against the trust estate is, I think, unquestionable. The plaintiff's case is against the individuals who wronged him. If he be unable to obtain satisfaction from them, after obtaining a judgment he may in a proper proceeding and upon a proper showing have his judgment made a charge against the trust property. Notwithstanding the fact that the parties may have had in their minds an erroneous theory of the case, if the pleadings, instructions and judgment make a case, when tested by the proper theory, the judgment should stand. As I have stated above, there is nothing in the pleadings or the judgment which would justify the claim that this action, or its result, in any way exceeded the power of the court. A judgment in effect against the trust property would exceed that power. Proceeding to an examination of the instructions, I find that the first instruction tells the jury that all of the defendants are bound by the acts of a majority of them. The pleadings show no relation between these defendants, other than that of co-trustees. There is no law which authorizes the majority of a set of trustees to bind the minority in such a way as to render them or him liable *de bonis propriis,* in a case such as this. This instruction, therefore must necessarily be based upon the theory that the act of the majority was binding upon the trust fund in this action. That theory being clearly erroneous, the court erred in giving the instruction marked (1), and because

of such error the defendants' motion for a new trial must be sustained.''

We agree with the conclusion so stated by the learned trial judge. Trust property cannot be reached in an action at law to recover damages for breach of an executory contract. It can be reached solely in equity. [Moore v. Stemmons, 119 Mo. App. 162, 95 S. W. 313.] This being so, the only judgment, if any, which could be rendered in this action would be one based on the personal liability of the trustees, and, of course, a minority trustee or trustees could not be rendered personally liable on a contract which he or they did not personally make, authorize or adopt, merely because others, composing a majority of the trustees, did authorize it. The provision of the will, that a majority shall govern, etc., clearly concerns only the matter of binding the estate and cannot be given the effect of rendering the minority personally liable on contracts made or authorized only by the majority. Whether, then, this instruction allows a recovery against the trustees solely in their representative capacity, or allows a recovery against all if a mere majority authorized the contract sued upon, in either event it was erroneous, and the trial court was right in granting a new trial on that account.

The judgment is affirmed and the cause remanded. *Reynolds, P. J.*, and *Nortoni, J.*, concur.